UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: BINYAMIN, EMMANUEL d/b/a | § | Case No. 09-09886 |
| | § | |
| KAFFECCINO, LLC | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on March 23, 2009. The undersigned trustee was appointed on April 30, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $         5,734.60

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 0.00 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]  $ | 5,734.60 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

      8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,323.46. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $0.00 as interim compensation and now requests the sum of $1,323.46, for a total compensation of $1,323.46. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/16/2010          By:/s/NORMAN NEWMAN
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

| Case Number: | 09-09886 | Trustee: | (330560) NORMAN NEWMAN |
| --- | --- | --- | --- |
| Case Name: | BINYAMIN, EMMANUEL | Filed (f) or Converted (c): | 03/23/09 (f) |
| | | §341(a) Meeting Date: | 04/30/09 |
| Period Ending: | 02/16/10 | Claims Bar Date: | 10/08/09 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | BANK ACCOUNTS | 500.00 | 0.00 | | 0.00 | FA |
| 2 | HOUSEHOLD GOODS AND FURNISHINGS | 1,000.00 | 0.00 | | 0.00 | FA |
| 3 | WEARING APPAREL AND JEWELRY | 300.00 | 0.00 | | 0.00 | FA |
| 4 | FIREARMS AND HOBBY EQUIPMENT (SIG 45) | 500.00 | 0.00 | | 0.00 | FA |
| 5 | FIREARMS AND HOBBY EQUIPMENT (BARRETTA 9MM) | 150.00 | 0.00 | | 0.00 | FA |
| 6 | FIREARMS AND HOBBY EQUIPMENT (12 GUAGE SHOTGUN) | 100.00 | 0.00 | | 0.00 | FA |
| 7 | INTERESTS IN INSURANCE POLICIES | 0.00 | 0.00 | | 0.00 | FA |
| 8 | PENSION PLANS & PROFIT SHARING (C.E. NEIHOFF) | 10,231.53 | 0.00 | | 0.00 | FA |
| 9 | PENSION PLANS & PROFIT SHARING (ESOP RETIREMENT) | 198,575.48 | 0.00 | | 0.00 | FA |
| 10 | STOCK INTERESTS (1,000 SHARES EFOORA, INC.) | 1.00 | 1.00 | | 0.00 | FA |
| 11 | BUSINESS INTERESTS (KAFFECCINO, INC.) | 1.00 | 1.00 | | 0.00 | FA |
| 12 | AUTOMOBILES (NISSAN MAXIMA) | 2,500.00 | 0.00 | | 0.00 | FA |
| 13 | AUTOMOBILES (2002 YAMAHA) | 1,500.00 | 0.00 | | 0.00 | FA |
| 14 | MACHINERY, FIXTURES, AND BUSINESS EQUIPMENT | 7,500.00 | 7,500.00 | | 0.00 | FA |
| 15 | BANK ACCOUNTS (u) | 5,732.90 | 5,732.90 | | 5,732.90 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 1.70 | Unknown |
| 16 | Assets   Totals (Excluding unknown values) | $228,591.91 | $13,234.90 | | $5,734.60 | $0.00 |

**Major Activities Affecting Case Closing:**

Submitted TFR for review.

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 09-09886  
**Case Name:** BINYAMIN, EMMANUEL  
**Period Ending:** 02/16/10

**Trustee:** (330560) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 03/23/09 (f)  
**§341(a) Meeting Date:** 04/30/09  
**Claims Bar Date:** 10/08/09

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Initial Projected Date Of Final Report (TFR):** February 28, 2010          **Current Projected Date Of Final Report (TFR):** February 28, 2010

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 09-09886 | | Trustee: | NORMAN NEWMAN (330560) |
| Case Name: | BINYAMIN, EMMANUEL | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | \*\*\*-\*\*\*\*\*75-65 - Money Market Account |
| Taxpayer ID #: | 54-6849127 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 02/16/10 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 06/22/09 | {15} | CHASE BANK | TURNOVER OF BANK FUNDS HELD DUE TO CITATION TO DISCOVER ASSETS | 1229-000 | 5,732.90 | | 5,732.90 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.06 | | 5,732.96 |
| 07/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.24 | | 5,733.20 |
| 08/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.24 | | 5,733.44 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.23 | | 5,733.67 |
| 10/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.23 | | 5,733.90 |
| 11/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.24 | | 5,734.14 |
| 12/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.24 | | 5,734.38 |
| 01/29/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.22 | | 5,734.60 |

| | | | | |
|---|---|---|---|---|
| | ACCOUNT TOTALS | | 5,734.60 | 0.00 | $5,734.60 |
| | Less: Bank Transfers | | 0.00 | 0.00 | |
| | Subtotal | | 5,734.60 | 0.00 | |
| | Less: Payments to Debtors | | | 0.00 | |
| | NET Receipts / Disbursements | | $5,734.60 | $0.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # \*\*\*-\*\*\*\*\*75-65 | 5,734.60 | 0.00 | 5,734.60 |
| | $5,734.60 | $0.00 | $5,734.60 |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 09-09886
Case Name: BINYAMIN, EMMANUEL
Trustee Name: NORMAN NEWMAN

Claims of secured creditors will be paid as follows:

*Claimant*                                                    *Proposed Payment*

                            N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | Norman B. Newman, Trustee | $ 1,323.46 | $ |
| *Attorney for trustee* | Much Shelist, et.al. | $ 1,957.00 | $ 21.00 |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*                    *Fees*                    *Expenses*

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 26,138.53 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 9.3 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | ComEd Co. | $ 1,296.41 | $ 120.68 |
| 2 | Mastercard Amalgamated Bank | $ 8,899.31 | $ 828.40 |
| 3 | Town & Country Pediatrics, SC | $ 733.50 | $ 68.28 |
| 4 | PYOD, LLC assignee of Citibank | $ 12,879.57 | $ 1,198.91 |
| 5 | Chase Bank USA NA | $ 2,329.74 | $ 216.87 |

**UST Form 101-7-TFR (9/1/2009)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number    Claimant                         Allowed Amt. of Claim    Proposed Payment*
                              N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                         Allowed Amt. of Claim    Proposed Payment*
                              N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**